UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMIRA YOUNG,

      Plaintiff,

                                        Case No. 13-10497
v.                                          Hon. Gerald E. Rosen

DHS SOUTH CENTRAL,

      Defendant.
_____/

**ORDER DISMISSING CASE UNDER 28 U.S.C.
§ 1915(e)(2)(B) AND ENJOINING PLAINTIFF FROM FILING
FURTHER COMPLAINTS WITHOUT FIRST OBTAINING LEAVE OF COURT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        February 14, 2013      

PRESENT:  Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

      Plaintiff Elmira Young commenced the above-captioned case in this Court on February 7, 2013. Accompanying Plaintiff's *pro se* complaint was an application to proceed *in forma pauperis,* which the Court has granted. Having reviewed the allegations of Plaintiff's now-filed complaint, the Court readily concludes that this suit must be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

      Plaintiff has been a frequent litigant in this District, filing at least six prior suits over the past few years. Five of these cases have been promptly dismissed shortly after their filing pursuant to § 1915(e)(2)(B), *see Young v. Schwartz,* No. 12-14206 (dismissed

10/10/2012); *Young v. Miller,* No. 12-13868 (dismissed 9/5/2012); *Young v. McLaren Health Plan,* No. 12-11765 (dismissed 5/11/2012); *Young v. Ramsey,* No. 06-12269 (dismissed 7/25/2006); *Young v. Lacey,* No. 06-12268 (dismissed 5/26/2006), while the sixth case was filed only recently and no action has yet been taken, *see Young v. Ramsey,* No. 13-10188.  In each of the five cases that have been dismissed, the courts have uniformly found that Plaintiff's complaint was difficult to decipher, failed to identify a basis for the court's exercise of subject matter jurisdiction, and fell considerably short of stating a claim upon which relief could be granted.

  The complaint in the present suit is no different.  Its single paragraph consists entirely of jumbled, disjointed, and out-of-context references to statutes and legal principles, without any suggestion how these authorities might support a viable theory of recovery.  The complaint also lacks any factual allegations indicating what events might have transpired to give rise to this suit — indeed, neither Plaintiff nor the party named as the defendant, DHS South Central, is referenced anywhere in the body of the complaint.  In addition, there is no hint of any basis for this Court's exercise of subject matter jurisdiction.  It readily follows that this case is subject to dismissal under § 1915(e)(2)(B)(i) and (ii) as frivolous and for failure to state a claim on which relief may be granted.

  The Court further concludes that Plaintiff should be enjoined from commencing any further litigation in the Eastern District of Michigan, unless and until she first secures leave of the Court to do so.  As the Sixth Circuit has observed, "[t]here is nothing unusual

about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998); *see also Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1996) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed."). In an earlier suit brought by Plaintiff, the Court deemed Plaintiff's "repeated frivolous filings as abusive of the judicial process," and expressly warned her that "any further frivolous filings will subject her to an injunction prohibiting her from filing any further *ifp* complaints without first seeking leave of the court." *Young v. Schwartz,* No. 12-14206, 10/10/2012 Order of Dismissal at 2 n.1. As Plaintiff has failed to heed this warning, the Court finds that such an injunction is fully warranted here.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the above-captioned case is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). IT IS FURTHER ORDERED that Plaintiff Elmira Young is ENJOINED AND

RESTRAINED from filing any new complaints in the United States District Court for the Eastern District of Michigan without first petitioning for and obtaining leave from the presiding judge of this Court.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 14, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 14, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager